**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**JOHN A. MARTINEZ,**

              **Petitioner,**

**v.**

**F. ENTZELL, Warden,**

              **Respondent**.

**Civil No.: 2:18CV68**
**JUDGE BAILEY**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On July 18, 2018, the pro se Petitioner, John A. Martinez ("Martinez") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1. On July 20, 2018, Martinez paid the $5 filing fee. ECF No. 4. Martinez is a federal inmate who is housed at FCI Hazelton and is challenging the validity of his sentence from the United States District Court for the Western District of Ohio.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

#### A.  Conviction and Sentence

On September 8, 2005, Martinez and twenty other individuals were charged in a

---

[1]  Unless otherwise noted, the information in this section is taken from Martinez's criminal docket available on PACER and all ECF numbers are from that case.  See United States v. Martinez, No. 3:05-CR-781-JGC).  Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

fifty-count Indictment alleging that beginning in or about 1997 and continuing through the date of the indictment, they engaged in a conspiracy to possess with the intent to distribute cocaine, crack cocaine, and marijuana from sources of supply in Mexico and Texas for distribution in the Toledo, Ohio area. ECF No. 1. Martinez was also charged with possession with intent to distribute cocaine and cocaine base, and unlawful use of a communication facility. Id. The government filed an information pursuant to 21 U.S.C. 851(a) providing notice to establish prior felony drug convictions for the purpose of sentencing enhancements for Martinez. ECF No. 381.

The matter proceeded to trial on May 9, 2006, and the jury returned guilty verdicts against Martinez on Counts 1, 2, 18, 42 and 46, with the following special findings: (1) Martinez conspired to possess with intent to distribute at least five kilograms of cocaine and less than 50 kilograms of marijuana (Count 1); and (two) Martinez possessed with intent to distribute at least 500 grams but less than 5 kilograms of cocaine (Count 2). ECF No. 418. The jury acquitted Martinez of Count 3, possession with intent to distribute crack cocaine.

Sentencing was held on September 8, 2006. Pursuant to an objection by Martinez, the Court reduced his criminal history category from IV to III. At the hearing, Martinez argued that his offense level should be set at 32 based on the quantity of drugs involved as determined by the jury. The Court agreed, concluding that an offense level of 32 "produces a guideline sentence which is both reflective of the drug level at an appropriate level as articulated by the jury, and the availability of a sentence sufficient but not greater than necessary to reflect the seriousness of the crime." ECF No. 544 at 9. Although Martinez also objected to the four-level leadership enhancement, the Court overruled Martinez's objection. After hearing arguments from the parties, the Court

sentenced Martinez to 288 months imprisonment on Counts 1 and 2, and 96 months imprisonment on Counts 18, 42 and 46, all to be served concurrently, to be followed by 10 years of supervised release.[2] ECF No. 510.

### B. Direct Appeal

Martinez timely appealed his conviction on September 20, 2006. ECF No. 514. He argued that the Court erred by failing to explain the basis for imposing the four-level leadership enhancement, and that such an enhancement was not supported by the facts. The Sixth Circuit disagreed and ruled that the District Court properly applied the four-level leadership enhancement to Martinez's recommended sentence. The Sixth Circuit held that the District Court did not treat the guidelines as mandatory following Booker, and therefore did not commit any procedural error. United States V. Martinez, 302 F. App'x. 379, 2008 WL 509-9684 (6th Cir., Dec, 3, 2008) (No. 06-4295) (not published in the Federal Reporter).

### C. Motions to Vacate under 28 U.S.C. § 2255

On March 4, 2010, Martinez timely filed his first motion pursuant to 28 U.S.C. 2255. ECF No. 703. He simultaneously requested a 60-day extension to file a memorandum in support, to allow time to adequately set forth grounds to correct a sentence. ECF No. 704. The court granted the extension [ECF No. 705] and granted the government an equivalent extension of time to file its response. ECF No. 725, 728. Martinez raised two claims of ineffective assistance of counsel: (1) Counsel failed to inform him that he could enter a guilty plea to the indictment, without accepting a plea

---

[2] By Order entered April 20, 2015, the Petitioner's unopposed motion for sentence reduction pursuant to 28 U.S.C. § 3582(c)(2) was granted, and his sentence was reduced to 240 months. ECF No. 829.

agreement offered by the government; and (2) Counsel failed to advocate for a downward departure or variance in regard to the leader/organizer enhancement on the basis of codefendant disparity, because other equally culpable who accepted plea agreements did not receive that enhancement.

On August 17, 2010, the District Court denied the 2255 motion. ECF No. 745. In regard to the claim that his attorney failed to inform him that he could enter a plea of guilty without a plea agreement, the Court wrote, "Not only does Mr. Martinez stretch the bounds of credibility in indicating his attorney did not make him aware of nor was he knowledgeable concerning his right to enter a plea of guilty without a plea agreement, but his speculations are beyond this Court's belief." Id. at 3. Regarding sentencing disparities with codefendants, the Court wrote that it encompasses only "national disparities," and that it had taken "into consideration unwarranted disparities but indicated this was not one of the types of disparities to be considered when contemplating the application of § 3553(a)(6)." Id.

Martinez timely appealed the denial of his 2255 motion on August 27, 2010. ECF No. 747. "Out of an abundance of caution," the District Court granted a certificate of appealability on the issue of ineffective assistance of counsel because that issue was considered, but not addressed, in its August 17, 2010, Memorandum Opinion and Order. ECF No. 755. Martinez appealed only the District Court's determination that he did not receive ineffective assistance of counsel in connection with his decision to not plead guilty.

On August 26, 2011, the Sixth Circuit issued an order affirming the District Court's denial of Martinez's 2255 motion. It noted that "the ultimate decision whether to go to trial must be made by the person who will bear the ultimate consequence of a conviction.

4

Martinez v. United States, Case No. 10-4089, *2 (6th Cir., August 26, 2011) (unpublished) (internal citations omitted). It ruled that Martinez had "clearly exercised his option of proceeding to trial after being advised of his options. Accordingly, Martinez's counsel was not constitutionally deficient. Because Martinez cannot meet the first Strickland prong, the district court did not err in rejecting his claim." Id.

On August 29, 2011, Martinez filed a motion seeking "Relief under Section 2255 (f)(3)(4)," "in light of Bond v. United States, 564 US _____ (2011). " ECF No. 783. The second page of his pleading contains a subheading caption: "Martinez's Action is not 'Second or successive' Under Section 2244." ECF No. 783. Nevertheless, the clerk's office docketed the pleading as a "Motion to Vacate under 28 U.S.C. 2255." ECF No. 783. The motion contended that Martinez's s prosecution under the Federal Controlled Substances Act violated the Ninth and Tenth Amendments of the Constitution, regarding enumerated powers and the reserved powers clause.

On October 24, 2011, the Government asked the Court to dismiss the motion on procedural grounds, for failing to obtain authorization from the Sixth Circuit to bring a second or successive 2255 motion, and on the merits of his argument. ECF No. 786. The court denied Martinez's motion on November 22, 2011. It ruled that Martinez's motion was a second or successive motion under Section 2255; he did not obtain authorization from the Sixth Circuit Court of Appeals to bring a second or successive motion under that section; Martinez failed to meet the criteria to apply for the filing of a second or successive 2255 motion; and his claim based upon Bond, that the Controlled Substance Act violated the Constitution by interfering with state sovereignty, had previously been rejected by both the United States Supreme Court and the Court of Appeals for the Sixth Circuit. ECF No. 787.

Martinez moved for reconsideration on December 20, 2011. ECF No. 790. While that motion was pending in the District Court, he timely filed a notice of appeal on January 3, 2012. ECF No. 793. The motion for reconsideration was denied on January 17, 2012. ECF No. 795.

The Sixth Circuit docketed the appeal as case No. 12-3118 on January 31, 2012. On April 12, 2012, it received a copy of the District Court Order filed denying a certificate of appealability, regarding a fee related matter (certifying that an appeal from this decision cannot be taken in good faith pursuant to 28 U.S.C. § 1915 (a). On August 14, 2012, the Six Circuit issued an Order stating that because Martinez had filed a prior 2255 motion which was denied on the merits, it construed his filing as a request to file a second or successive motion to vacate, which was then denied. All his other pending motions were denied as moot. See John Martinez v. United States of America, Sixth Circuit Case No. 12-3118 (unpublished).

On March 19, 2013, Martinez filed yet another motion pursuant to Section 2255, stating that he received ineffective assistance of counsel. ECF No. 813. He claimed that counsel was deficient by failing to explain that if Martinez, his brother, and his father had all except a plea agreement, there would have been no need for them to testify against each other. Martinez contends that once his father declined to plead guilty, neither he nor his brother would accept a plea because that meant they would be required to testify against a family member. He stated that he did not pursue this issue earlier because the United States Supreme Court did not decide Lafler v. Cooper, 132 S.Ct. 1376 (2012) until March 21, 2012. On May 29, 2013, the District Court concluded that this petition was a third and successive Section 2255 petition. Because Martinez failed to indicate that he had received authorization from the Sixth Circuit Court of Appeals to bring this

6

successive petition, it was transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and the case of In re Sims, 11 F.3d at 47. ECF No. 816. On December 12, 2013, the Sixth Circuit denied Martinez leave to file a second or successive motion under § 2255.

### D.  INSTANT CLAIMS

In support of his § 2241 petition before this Court, Martinez alleges that he received a mandatory minimum sentence under 21 U.S.C. § 851 following his convictions under 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). The Petitioner maintains that subsequent to his sentencing, the United States Supreme Court issued an opinion that renders § 851 unconstitutionally vague. In the alternative, Martinez alleges that his Ohio drug offense conviction is not a "Felony Drug Offense" under 21 U.S.C. § 802(44). In support of this alternative contention, Martinez relies on the decision in Mathis v. United States[3], 136 S.Ct. 2243 (2016). For relief, Martinez requests that this Court hear his § 2241 petition on the merits without delay. ECF No. 1-1 at 16.

### III.    LEGAL STANDARDS

### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged

---

[3] In Mathis, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 924(e), and found that Iowa's burglary statute encompassed conduct broader than that encompassed by federal generic burglary as defined in Taylor v. United States, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

with screening Martinez's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.  Pro Se Litigants

As a pro se litigant, Martinez's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Martinez is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C.  Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, Martinez unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive

9

motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler.   Id.   In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014),  aff'd, 573 Fed.Appx. 268 (4th Cir. 2014

## IV.    ANALYSIS

Although Martinez alleges that he satisfies the savings clause established in Wheeler, he is mistaken. Even if Martinez met the first, second[4], and third prongs of

---

[4] The Petitioner asserts that, pursuant to Mathis, there has been an intervening change in substantive law that retroactively affects his case. Contrary to the Petitioner's argument, district courts in this Circuit and elsewhere have held that Mathis does not represent a substantive change in the law. See, e.g., Stewart v. United States, No. CR ELH-17-1408, 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (recognizing that Mathis did not announce a new substantive rule applicable to cases on collateral review); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068115, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was not breaking new ground in Mathis . . . ."); Blackwell v. United States, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule.").

Rather than changing settled substantive law in Mathis, the Supreme Court reaffirmed precedent in existence well before the Petitioner's conviction, sentence and § 2255 motion:
> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when the statute happens to list possible alternative means of commission:

Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect.  See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory.  Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong.  Id. at 715 ("Foote[5] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision."  Id.   When a petitioner is sentenced under the post-Booker,

---

Whether or not made explicit, they remain what they ever were-just the facts, which ACCA (so we have held, over and over) does not care about.
136 S.Ct. at 2557.

Put simply, Mathis sets forth a "procedural rule that has not been made retroactive on collateral review."  Fisher v. Rickard, No. 1:17-CV-03730, 2018 WL1405324, at *4 (S.D. W. Va. Feb. 16, 2018), report and recommendation adopted, No. CV 1:17-03730, 2018 WL 1404279 (S.D.W. Va. Mar. 20, 2018).  See also Walker v. Kassell, 726 Fed.Appx. 191, 2018 WL 2979571 (4th Cir. June 13, 2018) (Mathis has not been held retroactive applicable on collateral review, so Walker cannot proceed under §2241).

[5]  In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The Foote Court concluded that such a claim was not cognizable under § 2255.  Foote, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of every alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).  The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  Id. at 940, 944.

11

purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id.  In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because Martinez was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.[6]

Because Martinez cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

---

[6] The undersigned notes that to the extent the Petitioner alleges that his "conviction" under 21 U.S.C. § 851 is unconstitutionally vague, pursuant to the holdings of Johnson v. United States, 135 S.Ct. 2551 (2015) and Sessions v. Dimaya, 1138 S.Ct. 1204 (2018), he is  incorrect. In Johnson, the Court held that the residual clause of `the Armed Career Criminal Act ("ACCA") was vague because the "indeterminacy of the wide ranging inquiry" of the residual clause prevents fair notice to defendants of their increased sentence and "invites arbitrary enforcement by judges," violating the defendant's right to due process. Johnson, 135 S.Ct. at 2257-58. In a following case, the Court held that Johnson's holding is only applicable to (1) the ACCA's residual clause; and (2) a closely worded residual clause in the federal crimes code's definition of "crime of violence." 18 U.S.C. § 16(b); United States v. Mitchell, No. CR-10-126, 2018 WL 1941787 (E.D. La. Apr. 25, 2018); see also Beckles v.  United States, 137 S.Ct. 886 (2017); Sessions v. Dimaya, 1138 S.Ct. 1204, 1210 (2018). Martinez was not sentenced under the ACCA or any similar residual clause. Instead, he was sentenced under Sections 841 and 851. His sentence was not enhanced under a vague residual clause trying to define "violent crime." He was convicted for a felony drug charge, not a violent crime, which is why his sentence enhancement was based under Section 851 which does not contain a residual clause.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Martinez shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Martinez by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  August 9, 2019

/s, James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE